# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON,<br><br>              Plaintiff,<br><br>  vs.<br><br>AMERICAN TRANSFER SERVICES, INC., a Delaware corporation; RUBEN SANCHEZ, an individual; ANA GUERRA DURAN, an individual; and DOES 1-50, inclusive<br><br>              Defendants. | CASE NO. 15cv462-GPC(RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Dkt. No. 3.] |

      Before the Court is Defendants' motion to dismiss the complaint for failure to state a claim. (Dkt. No. 3.) Plaintiff filed an opposition on April 24, 2015. (Dkt. No. 6.) Defendants filed a reply on April 30, 2015. (Dkt. No. 7.) Based on the reasoning below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

## Background

      On March 2, 2015, Plaintiff Kerry Boulton ("Plaintiff") filed a complaint[1]

---

[1] In their brief, Defendants raise a previous filed action by Plaintiff in case no. 14cv175-GPC(RBB) where Plaintiff alleges the same fraudulent acts and where Defendants moved to dismiss based on failure to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). While Defendants moved to dismiss on the same grounds as this motion, the Court never ruled on the merits of Defendants' motion to dismiss because the Court granted Plaintiff leave to amend. The case was eventually dismissed based on a stipulation by the parties. Therefore, the prior action

against Defendants American Transfer Services, Inc. ("ATS"), Ruben Sanchez ("Mr. Sanchez"), and his wife, Ana Guerra De Sanchez ("Mrs. Sanchez") alleging state law causes of action for fraud, conversion, violation of California Penal Code section 496, and money had and received.  (Dkt. No. 1.)

Plaintiff is a resident of Melbourne, Australia.  (Id. ¶ 2.)  According to the complaint, in August 2013, Plaintiff attended a webinar about purchasing tax deeds and/or tax liens on real property situated in the United States.  (Id. ¶ 14.)  Defendants advertised their services to Plaintiff and "represented that ATS is an exclusive service provider capable of assisting foreign individuals with creating legal business entities for the purpose of investing in real property that is subject to tax liens and/or tax deeds within the United States."  (Id.)  Based on their representations, Plaintiff decided to allow Defendants to assist her with prospective investments.  (Id.)

Around September 2013, Defendants informed Plaintiff that she needed to wire funds to a Bank of America account that was designated solely for incoming wire transfers.  (Id. ¶ 15.)  Defendants informed Plaintiff that once the funds were received, they would create a separate bank account and transfer the wired monies for the sole benefit of Plaintiff.  (Id.)  They provided Plaintiff with specific wiring instructions and she complied.  (Id. ¶ 16.)  Around October 2013, Plaintiff transferred $1,000 to Defendants and Defendants confirmed receipt of the $1,000 but failed to create a separate bank account.  (Id.)  They said they would "be providing a[n] account number and routing number for [Mrs. Boulton] shortly."  (Id.)

Around November 2013, Plaintiff discovered real property located in the County of Miami-Dade in Florida that was subject to a tax deed and/or tax lien that she wished to purchase as an investment.  (Id. ¶ 17.)  She informed Defendants of her intention to purchase the property and they instructed her to wire the necessary funds to ATS.  (Id.)  She explained that she intended to transfer $155,000 to ATS for the purpose of purchasing the real property located in Miami-Dade County, Florida and explained that

has no effect on the instant complaint.

1  $7,500 was to be deposited with the Miami-Dade County Clerk of Court in order to
2  allow her to participate in the purchasing of that property. (Id.) Defendants stated they
3  understood Plaintiff's intentions as well as her specific instructions regarding the
4  transferring of funds and provided her with wiring instructions to transfer $155,000 to
5  ATS. (Id. ¶ 18.) Plaintiff completed the wire transfer around November 18, 2013.
6  (Id.) She confirmed delivery of the funds with Defendants and provided transfer
7  instructions for the $7,500 to be deposited with the Miami-Dade County Clerk of
8  Court. (Id. ¶ 19.) However, the deposit was never made to the Miami-Dade County
9  Clerk of Court. (Id. ¶ 20.) Several days after the $155,000 wire transfer, Defendants
10 produced a transfer receipt of $7,500 from ATS to the Miami-Dade County Clerk of
11 Court. (Id.) She later learned the transfer receipt was forged when she contacted the
12 Miami-Dade County Clerk of Court and was informed there was no record of any
13 money received from, or on behalf of, Plaintiff. (Id.)

14 Upon learning this, Plaintiff immediately contacted Defendants and demanded
15 an explanation. (Id. ¶ 21.) However, Defendants terminated all communications with
16 Plaintiff by refusing to respond to all attempts of correspondence. (Id.) She repeatedly
17 demanded the return of her money but Defendants have refused to return the $156,000
18 unlawfully obtained by Defendants from Plaintiff. (Id.)

19 **Discussion**

20 **A.    Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

21 Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure
22 to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal
23 under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory
24 or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police
25 Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Federal Rule of Civil Procedure
26 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the
27 claim showing that the pleader is entitled to relief," and "give the defendant fair notice
28 of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v.

1  Twombly, 550 U.S. 544, 555 (2007).

2  A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See DeSoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

**B.   Legal Standard as to Federal Rule of Civil Procedure 9(b)**

Where a plaintiff alleges fraud in the complaint, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) (internal quotation marks

1  omitted). Rule 9(b) also applies to claims that are "grounded in fraud" or "sound in
2  fraud." Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

3  As to multiple fraud defendants, a plaintiff "must provide each and every
4  defendant with enough information to enable them 'to know what misrepresentations
5  are attributable to them and what fraudulent conduct they are charged with.'" Vegas
6  v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1115 (E.D. Cal. 2009) (quoting
7  Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F. Supp. 2d 1158, 1163
8  (C.D. Cal. 1998)). A plaintiff cannot lump multiple defendants but must state the
9  allegations as to each defendant separately concerning that defendant's alleged
10 participation in the fraud. Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007)
11 (quotation omitted). In a fraud action against a corporation, a plaintiff must "allege the
12 names of the persons who made the allegedly fraudulent representations, their authority
13 to speak, to whom they spoke, what they said or wrote, and when it was said or
14 written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

15 Defendants argue that the complaint fails to meet the heightened pleading
16 requirements under Rule 9(b) by failing to allege the time, place, and specific content
17 of the false representations, or the identities of the parties that made the alleged
18 representations. They also argue that the complaint fails to set forth an explanation as
19 to why the alleged statement or omissions were false or misleading, or why Defendants
20 knew they were false or misleading at the time they were allegedly made.

21 First of all, state of mind of the defendants do not have to be alleged with
22 specificity. See Fed. R. Civ. P. 9(b). Moreover, the Court concludes that the complaint
23 provides sufficient facts as to the time, place, and specific content of the false
24 representations, but does not identify the acts of each defendant separately. Instead,
25 Plaintiff lumps the defendants together as "Defendants." Plaintiff does not differentiate

26
27
28

between ATS, Mrs. Sanchez[2] and Mr. Sanchez. Moreover, as to ATS, Plaintiff has failed to sufficiently identify the "names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." See Vega, 654 F. Supp. 2d at 1115.

Defendants also argue that Rule 9(b) applies to all the causes of action in the complaint because they are grounded in fraud. The Court agrees. The causes of action for conversion, California Penal Code section 496, and money had and received are based on the same course of fraudulent conduct that is alleged in the fraud cause of action. See e.g. Fields v. Wise Media, LLC, No. C 12-5160 WHA, 2013 WL 3187414, at *3 (N.D. Cal. June 21, 2013) (conversion claim, and money had and received were grounded in fraud and must meet Rule 9(b) pleading requirement). Therefore, Plaintiff must also meet the heightened pleading requirement under Rule 9(b) as to these causes of action. Since Plaintiff has failed to properly allege specific facts on the fraud cause of action, the same conclusion applies to the remaining causes of action.

**Conclusion**

Based on the above, the Court GRANTS Defendants' motion to dismiss with leave to amend. Plaintiff shall file an amended complaint on or before **May 18, 2015.**

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

---

[2] In their reply, Defendants argue that the complaint should be dismissed with prejudice as to Mrs. Sanchez. They contend because Plaintiff dismissed Mrs. Sanchez from the prior case, 14cv175-GPC(RBB), with ample opportunity to conduct discovery and the fact that no facts are alleged as to Mrs. Sanchez in the instant complaint, Mrs. Sanchez should be dismissed with prejudice. Defendants' argument is without merit. First, Defendants provide no legal authority that the Court has discretion to dismiss Mrs. Sanchez with prejudice based on their argument. Moreover, it does not appear that discovery commenced in the prior case since the Federal Rules state that discovery may not commence until the Rule 26(f) conference is held. See Fed. R. Civ. P. 26(d)(1). In the prior case, the Rule 26(f) conference was to be held on March 4, 2015. (Dkt. No. 50.) The case was dismissed prior to that date on February 17, 2015.

1 | The hearing set for May 8, 2015 shall be **vacated.**

2 |     IT IS SO ORDERED.

4 | DATED: May 5, 2015

                       HON. GONZALO P. CURIEL
                       United States District Judge