1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KERRY BOULTON,<br><br>                                        Plaintiff,<br><br>        vs.<br><br>AMERICAN TRANSFER<br>SERVICES, INC., a Delaware<br>corporation; RUBEN SANCHEZ, an<br>individual; ANA GUERRA DURAN,<br>an individual; and DOES 1-50,<br>inclusive<br><br>                                        Defendants. | CASE NO. 15cv462-GPC(RBB)<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART<br>DEFENDANTS' MOTION TO<br>DISMISS**<br><br>[Dkt. No. 12.] |

Before the Court is Defendants' motion to dismiss the third and seventh claims of Plaintiffs' First Amended Complaint ("FAC") against all Defendants, and to dismiss all remaining claims therein against Defendant Mrs. Sanchez, for failure to state a claim.  (Dkt. No. 12.) Plaintiff filed an opposition on June 18, 2015. (Dkt. No. 14.) Defendants filed a reply on June 26, 2015.  (Dkt. No. 15.)  The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on the reasoning below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss.

/ / /

/ / /

**Background**

On March 2, 2015, Plaintiff Kerry Boulton ("Plaintiff") filed a complaint against Defendants American Transfer Services, Inc. ("ATSI"), Ruben Sanchez ("Mr. Sanchez"), and his wife, Ana Guerra De Sanchez ("Mrs. Sanchez") alleging four state law causes of action for fraud, conversion, violation of California Penal Code section 496, and money had and received. (Dkt. No. 1.) On April 3, 2015, Defendants filed a Motion to Dismiss the complaint, which the Court granted with leave to amend on May 5, 2015. (Dkt. Nos. 3, 8. ) On May 18, 2015, Plaintiff filed a First Amended Complaint against Defendants ATSI, Mr. Sanchez, and Mrs. Sanchez, alleging eight state law causes of action for intentional and negligent misrepresentation, violation of California Business and Professions Code section 17200, negligence, conversion, unjust enrichment, breach of fiduciary duty, and conspiracy. (Dkt. No. 11.)

Plaintiff is a resident of Melbourne, Australia.  (Id. ¶ 2.) In August 2013, Plaintiff attended a webinar about purchasing tax deeds and/or tax liens on real property situated in the United States as investments.  (Id. ¶ 14.) During the webinar, Plaintiff alleges that she was introduced to Mr. Sanchez/ATSI.[1] (Id. ¶ 15.) Defendants represented that "ATSI is an exclusive service provider capable of assisting foreign persons with creating legal business entities for the purpose of investing in real property that is subject to tax liens and/or deeds within the United States." (Id. ¶ 16.) Based on their representations, Plaintiff decided to allow Defendants to assist her with prospective investments.  (Id.)

The FAC further alleges that around August 29, 2013, Mr. Sanchez/ATSI sent Plaintiff a "U.S. Business Start-up" application ("Agreement") stating that Defendants would provide Plaintiff with the following services: "(1) Business entity formation; (2) personalized EIN; (3) U.S. Banking Services (a separate bank account to hold Ms.

---

[1]The Court follows Plaintiff's use of "Mr. Sanchez/ATSI" and "Mrs. Sanchez/ATSI" to refer to Mr. Sanchez or Mrs. Sanchez as both individual defendants, and representatives of ATSI as required in a fraud action against a corporation under Rule 9(b). See Tarmann v. State Farm Mut. Auto. Ins., 2 Cal. App. 153, 157 (1991).

[15cv462-GPC(RBB)]

Boulton's funds); and (4) a U.S. mailing address." (Id. ¶ 17.) Around August 30, 2013, Plaintiff paid the $695.00 service fee by credit card to Defendants Mr. Sanchez/ATSI pursuant to the Agreement. (Id. ¶ 18.) The money was deposited directly into the merchant account belonging to Defendants Mrs. Sanchez/ATSI. (Id.)

Around September 19, 2013, Defendants Mr. Sanchez/ATSI sent Plaintiff an application, in order to set up Plaintiff's separate bank account, providing instructions to wire $1,000.00 to a Bank of America account ending in 4187. (Id. ¶ 19-20.) This account was registered to Defendants ATSI/Mrs. Sanchez. (Id. ¶ 20.) Mrs. Sanchez was the sole signatory and account holder on the account. (Id.) Mr. Sanchez/ATSI informed Plaintiff that the account was designated solely for incoming wire transfers. (Id. ¶ 21.) Defendants Mr. Sanchez/ATSI informed Plaintiff that once Mr. Sanchez/ATSI had received the funds, they would create a separate bank account and transfer the wired monies, for the sole benefit of Plaintiff, "to facilitate her bidding on real property within the U.S. subject to tax liens and/or deeds." (Id.) Each Defendant represented to Plaintiff that her funds would be kept in a separate account until Plaintiff provided further instructions. (Id. ¶ 22.)

Around October 16, 2013, Plaintiff inquired with each Defendant to determine whether they had received Plaintiff's $1000 wire transfer and whether they had set up her separate bank account. (Id. ¶ 23.) Around October 17, 2013, Defendants Mr. Sanchez/ATSI confirmed receipt of $1,000 to Defendants Mrs. Sanchez/ATSI's account ending in 4187. (Id. ¶ 24.) They said they would "provide an account number for [Plaintiff's] 'separate account' shortly" and reminded Plaintiff to send all future wires to the same account Plaintiff had sent the initial $1,000. (Id.)

Around November 2013, Plaintiff discovered real property located in the County of Miami-Dade in Florida that was subject to a tax deed and/or tax lien that she wished to purchase as an investment. (Id. ¶ 25.) She informed Defendants of her intention to bid at the online auction for the property and explained to Mr. Sanchez/ATSI that she intended to wire $155,000 to them for the sole purpose of using these funds to

participate in the online auction. (Id. ¶¶ 25-26.) Mr. Sanchez/ATSI confirmed they would carry out Plaintiff's request and instructed her to wire transfer $155,000 to the same Bank of America account ending in 4187. (Id. ¶ 27.) Around November 17, 2013, Plaintiff completed the wire transfer, bringing the total funds transferred to Defendants to $156,000. (Id. ¶ 28.)

Around November 18, 2013, Plaintiff instructed Mr. Sanchez/ATSI to deposit $7,500 with the Miami-Dade County Clerk of Court in order to allow her to participate in the purchasing of the property. (Id. ¶ 29.) Mr. Sanchez/ATSI confirmed he would complete this request. (Id. ¶ 30.) Shortly after, Plaintiff accessed her online "Miami-Dade Clerk foreclosure and Tax Deed Sales" account and discovered that Defendants had failed to make the requested deposit of $7,500 and that her account reflected a balance of $0. (Id. ¶ 31.) Around November 20, 2013, Plaintiff contacted Mr. Sanchez/ATSI concerning the status of her deposit and he informed her that the funds would "be out the same day." (Id. ¶ 32.) Around November 21, 2013, Defendants produced a transfer receipt of $7,500 from ATSI to the Miami-Dade County Clerk of Court. (Id. ¶ 33.) Plaintiff later learned the transfer receipt was forged when she contacted the Miami-Dade County Clerk of Court and was informed there was no record of any money received from, or on behalf of, Plaintiff. (Id. ¶ 34.)

Upon learning this, Plaintiff immediately contacted Mr. Sanchez/ATSI and demanded an explanation. (Id. ¶ 35.) However, Defendants terminated all communications with Plaintiff by refusing to respond to all attempts of correspondence. (Id.) Plaintiff repeatedly demanded the return of her money, but Defendants have refused to return the $156,000 obtained from Plaintiff. (Id. ¶ 36.)

**Discussion**

**A.    Legal Standard as to Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory

1    or sufficient facts to support a cognizable legal theory.  See Balistreri v. Pacifica Police
2    Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  Under Federal Rule of Civil Procedure
3    8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the
4    claim showing that the pleader is entitled to relief," and "give the defendant fair notice
5    of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v.
6    Twombly, 550 U.S. 544, 555 (2007).

7        A complaint may survive a motion to dismiss only if, taking all well-pleaded
8    factual allegations as true, it contains enough facts to "state a claim to relief that is
9    plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,
10   550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
11   content that allows the court to draw the reasonable inference that the defendant is
12   liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause
13   of action, supported by mere conclusory statements, do not suffice."  Id.  "In sum, for
14   a complaint to survive a motion to dismiss, the non-conclusory factual content, and
15   reasonable inferences from that content, must be plausibly suggestive of a claim
16   entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.
17   2009) (quotations omitted).  In reviewing a Rule 12(b)(6) motion, the Court accepts as
18   true all facts alleged in the complaint, and draws all reasonable inferences in favor of
19   the plaintiff.  al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

20       Where a motion to dismiss is granted, "leave to amend should be granted 'unless
21   the court determines that the allegation of other facts consistent with the challenged
22   pleading could not possibly cure the deficiency.'"  DeSoto v. Yellow Freight Sys., Inc.,
23   957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well
24   Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to
25   amend would be futile, the Court may deny leave to amend.  See DeSoto, 957 F.2d at
26   658; Schreiber, 806 F.2d at 1401.

27   / / /
28   / / /

**B.    Legal Standard as to Federal Rule of Civil Procedure 9(b)**

Where a plaintiff alleges fraud in the complaint, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) (internal quotation marks omitted). Further, Rule 9(b) also applies to claims that are "grounded in fraud," alleging "a unified course of fraudulent conduct and [relying] entirely on that course of conduct as the basis of [the] claim." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" Vegas v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1115 (E.D. Cal. 2009) (quoting Pegasus Holdings v. Veterinary Ctrs. of America, Inc., 38 F. Supp. 2d 1158, 1163 (C.D. Cal. 1998)). A plaintiff cannot lump multiple defendants but must state the allegations as to each defendant separately concerning that defendant's alleged participation in the fraud. Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotation omitted). In a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

**C.    Pleading Standard Applicable to Plaintiff's Claims**

In support of her claims for intentional misrepresentation, negligent misrepresentation, violation of California Business and Professions Code section

17200, negligence[2], conversion, unjust enrichment, breach of fiduciary duty, and conspiracy, Plaintiff alleges, in sum, that Defendants were part of a fraudulent scheme designed to defraud Plaintiff of $156,000. (Dkt. No. 11, Compl. ¶¶ 14-36.) Therefore, as Plaintiff "[alleges] a unified course of fraudulent conduct and [relies] entirely on that course of conduct as the basis of [these] claims," the Court finds these causes of action are "grounded in fraud." See Vess, 317 F.3d at 1103-04; see e.g., Pirozzi v. Apple Inc., 913 F. Supp. 2d 840, 850 (N.D. Cal. 2012) (finding that a claim for negligent misrepresentation was grounded in fraud); Maganallez v. Hilltop Lending Corp., 505 F. Supp. 2d 594, 608 (N.D. Cal. 2007) (finding that claims for breach of fiduciary duty and negligence were grounded in fraud); Grant v. Penasco Trust Co., LLC, No. 12-cv-06084-WHO, 2013 WL 4772673, at *6 (N.D. Cal. Sept. 3, 2013) (finding that a conspiracy claim was grounded fraud); Fields v. Wise Media, LLC, No. C12-05160-WHA, 2013 WL 3187414, at *3 (N.D. Cal. June 21, 2013) (finding that claims for conversion, violation of California Business and Professions Code section 17200, negligence, and unjust enrichment were grounded in fraud); Bonyadi v. CitiMortgage, Inc., No. CV-12-5239-CAS(JCGx), 2013 WL 2898143, at *4 (C.D. Cal. June 10, 2013) (finding that a claim for intentional misrepresentation was grounded in fraud). Accordingly, Plaintiff must meet the heightened pleading requirement under Rule 9(b) as to all causes of action.

**D.     Motion to Dismiss All Claims Against Mrs. Sanchez**

With respect to all claims against Mrs. Sanchez, Defendants argue that Plaintiff's first amended complaint fails to meet the heightened pleading requirements under Rule 9(b) by failing to  allege the time, place, and specific content of the alleged false representations.  (Dkt. No. 12-1 at 5-6.) Defendants assert that there is no allegation that Mrs. Sanchez ever communicated with Plaintiff and further, that "there are no facts

---

[2] Plaintiff styles her negligence claim as pleading alternatively that "Defendants owed at least [various listed] duties of care." (Dkt. No. 11, Compl. ¶ 84.) However, the negligence claim relies on the same unified course of fraudulent conduct alleged in support of Plaintiff's fraud claims and is therefore, also grounded in fraud. See Fields v. Wise Media, LLC, No. C12-05160-WHA, 2013 WL 3187414, at *3 (N.D. Cal. June 21, 2013).

alleged that Mrs. Sanchez engaged in any conduct directed at Plaintiff that could be construed as a misrepresentation." (Dkt. No. 15 at 4.) Defendants also assert that Plaintiff has not demonstrated that she knew of Mrs. Sanchez' involvement in ATSI or the Bank of America account, and has only assumed and concluded that Mrs. Sanchez had a fraudulent intent. (Id. at 5.)

In response, Plaintiff asserts that she entered an agreement with each Defendant, including Mrs. Sanchez, in which Defendants agreed to provide services necessary to form a legal business entity and purchase property for Plaintiff's benefit, giving rise to a confidential relationship between Plaintiff and each Defendant. (Dkt. No. 14 at 8.) As such, Plaintiff asserts that "by failing to transfer Plaintiff's funds into a separate account and failing to return said funds to Plaintiff, [Mrs. Sanchez] breached the confidential relation that existed between her and Plaintiff." (Id. at 9.) Plaintiff further asserts that the Court may reasonably infer both that Mrs. Sanchez made fraudulent and/or negligent representations to Plaintiff, and was complicit in the fraud, because Mrs. Sanchez is one of ATSI's two officers and is the sole signatory on the account to which Plaintiff wired $156,000. (Id. at 4-5.)

After review, the Court concludes Plaintiff has failed, under the requirements of Rule 9(b), to state claims for intentional misrepresentation, negligent misrepresentation, violation of California Business and Professions Code section 17200, negligence, conversion, unjust enrichment, breach of fiduciary duty, and conspiracy as to Mrs. Sanchez. As previously discussed, because these claims are grounded in fraud, each must "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), and set forth "the time, place, and specific content of the false representations." Odom, 486 F.3d at 553.

In support of each of these claims, Plaintiff asserts that Mrs. Sanchez is an ATSI officer and the sole signatory on the bank account in question. (Dkt. No. 11, Compl. ¶ 20.) However, Plaintiff does not assert that she ever communicated with Mrs. Sanchez or that she was even aware of Mrs. Sanchez' relevance to the transaction at the

1  time. (Id. ¶¶ 14-36.) As such, the Court finds Plaintiff has failed to establish that Mrs.

2  Sanchez made any representations, let alone any false misrepresentations, to Plaintiff.

3  Further, even if the Court were to infer from the facts alleged that Mrs. Sanchez made

4  such misrepresentations to Plaintiff, as Plaintiff suggests, Plaintiff has still failed to

5  state with particularity the "specific content" of the alleged misrepresentations. (See

6  Dkt. No. 14 at 4-5.)

7      Accordingly, for the reasons discussed, the Court **GRANTS** Defendants' motion

8  to dismiss all claims against Mrs. Sanchez for failure to comply with Rule 9(b).

9  **E.      Motion to Dismiss Plaintiff's Claim for Violation of California's Unfair**

10     **Competition Law Against Mr. Sanchez and ATSI**

11     Defendants argue that Plaintiff's claim for Unlawful, Fraudulent, and Unfair

12  Business Practices in violation of California's Unfair Competition Law ("the

13  UCL"), pursuant to California Business and Professions Code section 17200, should

14  be dismissed against Mr. Sanchez/ATSI because Plaintiff has failed to allege an

15  underlying statutory violation. (Dkt. No. 12-1 at 6.)

16     In response, Plaintiff first argues that "Defendants have violated underlying

17  laws by committing fraud, negligence, conversion, [and] breach of fiduciary duties."

18  (Dkt. No. 14 at 10.) Second, Plaintiff asserts that Defendants overlook the

19  remaining prongs of the statute, which alternatively permit claims for "fraudulent"

20  and "unfair" business practices. (Id.) As such, Plaintiff asserts she has sufficiently

21  alleged that Defendants engaged in fraudulent and unfair conduct by making

22  misrepresentations designed to conceal facts and to deceive Plaintiff concerning the

23  creation of a legal business entity and separate bank account for Plaintiff, the use

24  and transfer of wired funds to Plaintiff's separate account, and the transfer of

25  Plaintiff's $7,500 deposit with the Miami Dade County Clerk. (Id. at 11.)

26     The Complaint alleges a cause of action under the "unfair" and "fraudulent"

27  prongs of the UCL, but not under the "unlawful" prong. (Dkt. No. 11, Compl. ¶¶ 69-

28  82.) After review, the Court first concludes Plaintiff has sufficiently alleged "unfair"

conduct under the UCL. See Cal. Bus. & Prof. Code § 17200. The test for liability in consumer suits under the UCL's "unfair" prong is "in flux," and three separate tests have developed to determine if conduct is "unfair." See Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 735 (9th Cir. 2007); Graham v. Bank of Am., N.A., 226 Cal. App. 4th 594, 612 (2014). Of these three tests, Plaintiff asserts, and the Court accordingly addresses, the following factors, set forth in section 5 of the Federal Trade Commission Act (15 U.S.C. § 45(n)), for determining unfairness: "(1) [t]he consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not have reasonably avoided." Graham, 226 Cal. App. 4th at 612-13 (quoting Camacho v. Auto. Club of S. Cal., 142 Cal. App. 4th 1394, 1403 (2006)).

First, Plaintiff alleges that she lost $156,000 as a result of Mr. Sanchez/ATSI's conduct, constituting substantial injury. (Dkt. No. 11, Compl. ¶ 53.) Second, Plaintiff alleges that she has not received any services or otherwise benefitted from Mr. Sanchez/ATSI's conduct, (id. ¶ 55), and it does not appear that Mr. Sanchez/ATSI's allegedly unfair conduct serves any alternatively valuable purpose. Third, Plaintiff alleges that she believed Mr. Sanchez/ATSI would perform the contracted services and relied on his representations with no knowledge of, or reason to avoid, his allegedly fraudulent practices. (Id. ¶¶ 49-52.) Therefore, the Court concludes Plaintiff has sufficiently stated a claim for unfair business practices under the UCL.

Additionally, the Court also finds Plaintiff has sufficiently stated a claim for "fraudulent" business practices under the UCL. Plaintiffs making a claim under the "fraudulent" prong of the UCL must "show that members of the public are likely to be deceived by the business practice or advertising at issue. Kowalsky v. Hewlett Packard Co., 771 F. Supp. 2d 1156, 1159 (N.D. Cal. 2011) (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 312 (2009)). Further, plaintiffs must assert actual reliance on

1   the truth of the defendant's statements. In re Tobacco Cases, 46 Cal. 4th at 312.

2          Here, Plaintiff asserts that she was first contacted by Mr. Sanchez/ATSI at a

3   public webinar where he purported to teach investors how to purchase property

4   subject to tax deeds or liens at auctions in the United States. (Dkt. No. 11, Comp. ¶¶

5   15-16.) Plaintiff asserts she then made an agreement for services with Mr.

6   Sanchez/ATSI and actually relied on his representations by following the

7   instructions to wire a total of $156,000. (Id. ¶¶ 17-30.) As Plaintiff has yet to

8   receive such services or a refund of her money, Plaintiff asserts that she was

9   deceived by Mr. Sanchez/ATSI and has consequently suffered substantial injury.

10  (Id. ¶¶ 40-44.)  As such, Plaintiff has sufficiently shown that members of the public

11  are likely to be similarly deceived by Mr. Sanchez/ATSI's allegedly fraudulent

12  business practices and further, that Plaintiff actually relied on the truth of Mr.

13  Sanchez/ATSI's statements. Therefore, the Court concludes Plaintiff has sufficiently

14  stated a cause of action under the "fraudulent" prong of the UCL.

15         Accordingly, as Plaintiff has sufficiently alleged a cause of action under both

16  the "unfair" and "fraudulent" prongs of the UCL, the Court **DENIES** Defendants'

17  motion to dismiss these claims against ATSI and Mr. Sanchez.

18  **F.      Motion to Dismiss Plaintiff's Claim for Breach of Fiduciary Duty**

19  **        Against Mr. Sanchez and ATSI**

20         Defendants argue that Plaintiff's seventh claim for breach of fiduciary duty

21  against Mr. Sanchez and ATSI should be dismissed because Plaintiff has failed to

22  establish the existence of a fiduciary relationship between Mr. Sanchez/ATSI and

23  Plaintiff. (Dkt. No. 12-1 at 7.) Mr. Sanchez/ATSI argue that California courts have

24  declined to extend the fiduciary relationship to the borrower-lender relationship and

25  that Plaintiff has failed to allege facts sufficient to establish that a fiduciary

26  relationship was nonetheless created. (Dkt. No. 15 at 6-7.) Defendants further argue

27  that Plaintiff asserts "nothing more than an arms length, mutually beneficial

28  agreement in which Mr. Sanchez/ATSI agreed to set up a business entity, a bank

account, an EIN, and a mailing address for Plaintiff in the United States so that
Plaintiff could purchase tax deeds and or tax liens." (Dkt. No. 12-1 at 8.)

In response, Plaintiff asserts that Defendants agreed to provide Plaintiff with
the services[2] necessary to create a legal business entity in the United States and to
act on her behalf to facilitate her bidding on real property subject to tax liens. (Dkt.
No. 14 at 17.) Plaintiff asserts that her relationship with Defendants was not an
inconsequential contractual engagement, but rather that Plaintiff "reposed
confidence in Defendants when she wired $156,000 to the 4187 account." (Id. at 17-
18.) Plaintiff asserts that Mr. Sanchez/ATSI voluntarily accepted Plaintiff's
confidence and that the facts indicate Mr. Sanchez/ATSI "were acting as trustees
when they represented to Plaintiff they would place her funds into a separate
account for Plaintiff's sole benefit and make transfers on her behalf as instructed by
Plaintiff." (Id. at 18.) As such, Plaintiff argues that Mr. Sanchez/ATSI breached
their fiduciary duty when they stole Plaintiff's funds and failed to provide the
services contracted. (Id.)

"The elements of a cause of action for breach of fiduciary duty are: (1)
existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage
proximately caused the breach." Gutierrez v. Girardi, 194 Cal. App. 4th  925,
932 (2011) (citation omitted). A fiduciary relationship may be created by law, or,
"may exist whenever a person with justification places trust and confidence in the
integrity and fidelity of another." See Patriot Sci. Corp. v. Korodi, 504 F. Supp. 2d
952, 966-67 (S.D. Cal. 2007) (quotations omitted). A person cannot be charged with
a fiduciary obligation unless he "either knowingly [undertook] to act on behalf and
for the benefit of another, or [entered] into a relationship which [imposed] that
undertaking as a matter of law. City of Hope Nat'l. Med. Ctr. v. Genentech, Inc., 43
Cal. 4th 975, 386 (2008). If a fiduciary relationship exists, the fiduciary is generally

---

[2] Pursuant to the Agreement, Defendants agreed to perform the following services: "(1)
Business entity formation; (2) personalized EIN; (3) U.S. Banking Services (a separate banking
account to hold Ms. Boulton's funds); and (4) U.S. mailing address." (Dkt. No. 11, Compl. ¶ 17.)

[15cv462-GPC(RBB)]

"duty bound to act with the utmost good faith for the benefit of the other." <u>Brown v. Wells Fargo Bank, NA</u>, 168 Cal. App. 4th  938, 959-60 (2008).

After review, the Court first notes that the disputed nature of the relationship between Plaintiff and Defendants, as either bank-depositor or borrower-lender, is largely irrelevant, as neither relationship is fiduciary in character. <u>See</u> <u>Das v. Bank of America, N.A.</u>, 186 Cal. App. 4th 727, 741-42 (2010) (finding the bank-depositor relationship is not fiduciary in character); <u>Graham</u>, 226 Cal. App. 4th at 607 (quoting <u>Perlas v. GMAC Mortg., LLC</u>, 187 Cal. App. 4th 429, 436 (2010)) ("a loan transaction is at arm's length and there is no fiduciary duty between the borrower and the lender"). However, the Court determines Plaintiff has nonetheless alleged sufficient facts to establish the existence of a fiduciary relationship between Plaintiff and Defendants, Mr. Sanchez and ATSI.

First, Plaintiff has alleged that she placed trust in the integrity and fidelity of Mr. Sanchez and ATSI. (Dkt. No. 11, Compl. ¶ 111.) Plaintiff asserts that she communicated directly with Mr. Sanchez/ATSI, contracted with him for the services necessary to form a legal business entity and purchase property in the United States, and followed the instructions to wire the service fee, and later deposits, for the purchase of property by Mr. Sanchez/ATSI on Plaintiff's behalf. (<u>Id.</u> ¶¶ 15-30.) Therefore, the Court concludes Plaintiff has sufficiently alleged that she openly placed trust in Mr. Sanchez/ATSI on multiple occasions with significant sums of money, demonstrating her belief in the integrity and fidelity of Mr. Sanchez/ATSI.

Second, the Court concludes Plaintiff has alleged sufficient facts showing Mr. Sanchez/ATSI knowingly undertook to act on Plaintiff's behalf. Plaintiff asserts that Defendants Mr. Sanchez/ATSI directly instructed Plaintiff to wire money for use in carrying out the contracted services and Plaintiff's desire to purchase property. (Dkt. No. 11, Compl. ¶¶ 15-30.) Therefore, as Mr. Sanchez/ATSI have not denied their obligation or agreement to carry out the services they purported to offer, the Court finds Mr. Sanchez/ATSI knowingly undertook an obligation to act on Plaintiff's

behalf. (Dkt. Nos. 12-1 at 7-8; 15 at 7.) Accordingly, the Court concludes Plaintiff has sufficiently established that a fiduciary relationship existed between Plaintiff and Mr. Sanchez/ATSI, requiring Mr. Sanchez/ATSI "to act with the utmost good faith for the benefit of" Plaintiff. See <u>Brown</u>, 168 Cal. App. 4th at 959-60.

Further, the Court also concludes Plaintiff has sufficiently alleged that Mr. Sanchez/ATSI breached his fiduciary duty to Plaintiff. Plaintiff asserts that she entered into an agreement with Mr. Sanchez/ATSI for the services necessary to create a legal business entity and to purchase property in the Untied States. (Dkt. No. 11, Compl. ¶ 17.) Therefore, the Court finds that by allegedly failing to perform any of the services contracted and retaining Plaintiff's $156,000, Mr. Sanchez/ATSI failed to act with the utmost good faith for the benefit of Plaintiff, and thereby breached his fiduciary duty. Additionally, as a proximate result of Mr. Sanchez/ATSI's breach of fiduciary duty, Plaintiff asserts she suffered damages of at least $156,000. (Dkt. No. 11, Compl. ¶ 44.) Therefore, for the reasons discussed, the Court finds Plaintiff has sufficiently alleged the elements of cause of action for breach of fiduciary duty against Mr. Sanchez/ATSI under Rule 9(b).

Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claim for breach of fiduciary duty against Mr. Sanchez and ATSI.

### Conclusion

Based on the above, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. No. 12.) Specifically, the Court **GRANTS** Defendants' motion to dismiss all claims against Mrs. Sanchez and **DENIES** Defendants' motion to dismiss Plaintiff's claims for

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

[15cv462-GPC(RBB)]

1  violation of California Business and Professions Code section 17200 and breach of

2  fiduciary duty against Mr. Sanchez and ATSI. Defendants are directed to file an

3  answer according to the Federal Rules of Civil Procedure.

4       **IT IS SO ORDERED**.

6  DATED:  July 20, 2015

8  HON. GONZALO P. CURIEL
   United States District Judge

[15cv462-GPC(RBB)]