UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY BOULTON,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN TRANSFER SERVICES, INC., a Delaware corporation ; RUBEN SANCHEZ, an individual; ANA GUERRA DE SANCHEZ, an individual; and DOES 1-50, inclusive<br><br>    Defendants. | CASE NO. 15cv462-GPC(RBB)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL BY T. STEVEN GREGOR AND GREGOR LAW OFFICES**<br><br>[Dkt. No. 19.] |

    Before the Court is defense counsel's motion to withdraw as counsel for Defendants American Transfer Services, Inc., Ruben Sanchez and Ana Guerra de Sanchez. (Dkt. No. 19.) Plaintiff filed an opposition on August 21, 2015. (Dkt. No. 22.) The Court finds the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7.1(d)(1). Based on the reasoning below, the Court GRANTS defense counsel's motion to withdraw as counsel.

**Background**

    On March 2, 2015, Plaintiff Kerry Boulton ("Plaintiff") filed a complaint against Defendants American Transfer Services, Inc. ("ATSI"), Ruben Sanchez ("Mr. Sanchez"), and his wife, Ana Guerra De Sanchez ("Mrs. Sanchez") alleging four state law causes of action for fraud, conversion, violation of California Penal Code section

496, and money had and received. (Dkt. No. 1.) On May 5, 2015, the Court granted Defendants' motion to dismiss with leave to amend. (Dkt. No. 8.) On May 18, 2015, Plaintiff filed a First Amended Complaint against Defendants ATSI, Mr. Sanchez, and Mrs. Sanchez, alleging eight state law causes of action for intentional and negligent misrepresentation, violation of California Business and Professions Code section 17200, negligence, conversion, unjust enrichment, breach of fiduciary duty, and conspiracy. (Dkt. No. 11.) On July 21, 2015, the Court granted Defendants' motion to dismiss all claims against Mrs. Sanchez and denied Defendants' motion to dismiss Plaintiff's claims for violation of California Business and Professions Code section 17200 and breach of fiduciary duty against Mr. Sanchez and ATSI. Defendants filed an answer on August 5, 2015. (Dkt. No. 17.) On August 5, 2015, Defendants filed an answer. (Dkt. No. 18.) On the same day, defense counsel filed its motion to withdraw as counsel for Defendants. (Dkt. Nos. 19.)

## Discussion

T. Steven Gregor and Gregor Law Offices ("Gregor Law Offices"), counsel of record for Defendants ATSI, Mr. Sanchez, and Mrs. Sanchez, move to withdraw as counsel because Defendants have made it unreasonably difficult for Gregor Law Offices to carry out its employment and effectively represent Defendants; no party will be prejudiced by the withdrawal; it will not cause harm to the administration of justice; and withdrawal will not delay resolution of the case. (Dkt. No. 19.) Plaintiff filed an opposition arguing she will be prejudiced if counsel is allowed to withdraw since the likelihood of reaching a resolution will be drastically reduced. Moreover, the case will have to be stayed while Defendant ATSI obtains counsel and because Mr. Sanchez is not cooperating with his attorney, he is "essentially judgement proof" and will unlikely obtain new counsel.

"An attorney may not withdraw as counsel except by leave of court." <u>Darby v. City of Torrance</u>, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case.

See La Grand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Stewart v. Boeing Co., No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Rule 3-700 of the California Rules of Professional Conduct of the State Bar of California provides that an attorney may request a withdrawal if it is unreasonably difficult for counsel to carry out his employment effectively. Cal. R. Prof. Conduct 3-700(C)(d). Failure to pay attorney's fees can be grounds for withdrawal. Indymac Federal Bank, FSB v. McComic, No. 08cv1871-IEG(WVG), 2010 WL 2000013, at *1 (S.D. Cal. May 18, 2010); Cal. R. Prof. Conduct 3-700(C)(1)(f). Local Civil Rule 83.3(f)(3) also provides:

> Withdrawals. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

Local Civil R. 83.3(f)(3). Here, defense counsel has filed a declaration of service which indicates that the motion was served on his client and to opposing counsel. (Dkt. Nos. 19-2, 19-3.)

Defense counsel states that Defendants executed a standard fee agreement ("Agreement") which required Defendants to keep their attorney informed of developments, abide by the Agreement, pay attorney's bills on time, and keep attorney advised of client's address and telephone number. (Dkt. No. 19-2, Gregor Decl. ¶ 4.) The Agreement also provides that the attorney may withdraw at any time with the client's consent or for good cause. (Id. ¶ 5.) Defense counsel's last communication with Mr. Sanchez was April 27, 2015 via email, which was their normal means of

communicating. (Id. ¶ 6.) Since then, he sent emails to Mr. Sanchez on May 19, 27, and 29, June 5, 8, and 19, and July 9, and 21, 2015 requesting that he be contacted. (Id.) Defense counsel attempted to call Mr. Sanchez on July 21, 2015 and discovered that his phone number was no longer a working number. (Id.) On July 22, 2015, defense counsel sent Mr. and Mrs. Sanchez a letter, and an email on August 3, 2015 informing them that he would be withdrawing as counsel. (Id.) Attorney Gregor has not received any response from Mr. or Mrs. Sanchez to his emails or to his letter. (Id.) In addition, Mr. and Mrs. Sanchez have not paid their bills on time and have, on at least one occasion, paid counsel by check that was returned for insufficient funds. (Id. ¶ 9.) Due to Defendants' lack of communication with the Gregor Law Offices and not paying their bills on time, it has been unreasonably difficult for Gregor Law Offices to carry out its employment and effectively represent its clients in this matter. (Id.)

The Court concludes that defense counsel has demonstrated good cause to be relieved as counsel. The Court also concludes that the withdrawal will not prejudice the plaintiff, harm the administration of justice or delay resolution of the case. The case was filed on March 2, 2015, (Dkt. No. 1), and an answer was recently filed on August 4, 2015. (Dkt. No. 18.) In addition, no dates have been set in this case.

The Court acknowledges Plaintiff's concerns; however, even if defense counsel was not relieved as counsel, a resolution of this case would still be difficult and any prejudice she asserts would still remain as Defendants have not cooperated with defense counsel in defending this case.

Based on the above, the Court GRANTS defense counsel's motion to withdraw as counsel for Defendants. While Defendant Ruben Sanchez, an individual, may proceed pro se, Defendant ATSI, a corporation may not proceed without counsel. See United States v. High Country Broadcasting Co. Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); see also C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987); Civil Local Rule 83.3k ("all other parties, including corporations; partnerships and other legal entities may appear in court only through an attorney permitted to

1  practice pursuant to Civil Local Rule 83.3."). Therefore, the Court grants ATSI 30
2  days to obtain substitute counsel and have counsel file a notice of appearance. ATSI
3  is notified that if it fails to obtain new counsel and have counsel file a notice of
4  appearance, it may be subject to default proceedings. See High Country Broadcasting
5  Co., Inc., 3 F.3d at 1245. Mr. Sanchez must notify the court of his currently mailing
6  address within 30 days from the date of this order.

7       IT IS SO ORDERED.

9  DATED:  September 1, 2015

10
11                              HON. GONZALO P. CURIEL
                                United States District Judge

15  cc:    Ruben Sanchez, Ana Guerra De Sanchez,
16         and American Transfer Services, Inc.
           2791 Silver Oak Court
17         Chula Vista, CA 91914